NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SURENDER MALHAN., <br><br> Plaintiff, <br><br> v. <br><br> CHRISTOPHER S. PORRINO, *et al.*, <br><br> Defendants. | Civil Action No: 16-8889(SDW)(LDW) <br><br> **OPINION** <br><br> April 2, 2020 |

**WIGENTON**, District Judge.

Before this Court are the parties' cross-motions for summary judgment pursuant to Federal Rule of Civil Procedure ("Rule") 56. Jurisdiction is proper pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 185. Venue is proper pursuant to 28 U.S.C. § 1391. This opinion is issued without oral argument pursuant to Rule 78. For the reasons stated herein, Defendants' motions for summary judgment are **GRANTED** in part and **DISMISSED AS MOOT** in part and Plaintiff's motion for summary judgment is **DENIED**.

I. BACKGROUND AND PROCEDURAL HISTORY

Since 2011, Plaintiff Surender Malhan ("Malhan" or "Plaintiff") has been engaged in contentious divorce/custody proceedings with his wife, Alina Myronova ("Myronova"), which

have spawned extensive litigation in both state and federal courts.[1]  (D.E. 65-2 ¶¶ 5-7; 64-2 ¶ 1.)[2] As the parties are familiar with the facts and procedural history of this dispute, this Court addresses only those facts necessary for the resolution of the instant motions.

On June 15, 2015, Jeffrey Rothstein ("Rothstein"), Myronova's live-in boyfriend, filed an incident report against Plaintiff with the Bayonne Police Department, alleging that Plaintiff had been harassing him for approximately ten months via text and email and by making unfounded allegations of sexual abuse.  (D.E. 65-4 Ex. B; 65-2 ¶¶ 9-10; 63-13 ¶¶ 1-4; 69-1 ¶¶ 2-4.)  The following day, upon a finding of probable cause, the Bayonne City Municipal Court issued a Complaint/Summons against Plaintiff for a single count of harassment in violation of N.J.S.A. 2C:33-4.[3]  (D.E. 64-7.)  On or about July 2015, the charge was dismissed.  (D.E. 64-2 ¶ 33; 73-1 ¶ 33; 63-1 Ex. B at Tr. 74:7-75:3, Ex. D at Tr. 26:21-27:12.)

Eleven months later, on June 13, 2016, Myronova filed a domestic violence harassment and stalking incident report with the Bayonne Police Department, alleging that Plaintiff had been sending her threatening messages for five years and asking that a temporary restraining order ("TRO") be entered against him.  (D.E. 65-4 Ex. C; 63-13 ¶¶ 18-19.)  After giving her statement

---

[1] *See e.g.*, *Malhan v. Sec'y United States Dep't of State*, 938 F.3d 453 (3d Cir. 2019); *Allen v. Debello*, 861 F.3d 433 (3d Cir. 2017); *Edelglass v. New Jersey*, Civ No. 14-760, 2015 WL 225810 (D.N.J. Jan. 16, 2015); *Argen v. Katz*, Civ. No. 18-963; *Family Civil Liberties Union v. New Jersey*, Civ. No. 18-2597; *Malhan v. Katz*, Civ. No. 18-16404.

[2] Citations to "D.E." refer to the docket entries for the parties' motion papers, including briefs, affidavits, declarations, and statements of undisputed facts, and the documents attached to and referenced therein.

[3] New Jersey's harassment statute provides, in relevant part, that a person harasses another if:
>  with purpose to harass another, he:
>  a. Makes, or causes to be made, a communication or communications anonymously or at extremely inconvenient hours, or in offensively coarse language, or any other manner likely to cause annoyance or alarm;
>  b. Subjects another to striking, kicking, shoving, or other offensive touching, or threatens to do so; or
>  c. Engages in any other course of alarming conduct or of repeatedly committed acts with purpose to alarm or seriously annoy such other person.

N.J. Stat. Ann. § 2C:33-4.

to the police, Myronova spoke with Judge Cheryl Cashman of the Bayonne City Municipal Court who found probable cause to issue a Complaint/Warrant against Plaintiff for harassment and stalking in violation of N.J.S.A 2C:33-4A and 2C:12-10B, respectively ("Complaint"). (D.E. 64-10 Ex. 7.)  In addition, the court issued a TRO prohibiting Plaintiff from "possessing any and all firearms or other weapons" and requiring him to "immediately surrender these firearms, weapons, permit(s) to carry, application(s) to purchase firearms & firearms purchaser ID cards . . .." (D.E. 64-13 Ex. 10.)  The parties were ordered to appear before the Superior Court, Hudson County, Family Part ("Family Court") for a final hearing on June 24, 2016.  (*Id.*)  The harassment and stalking charges were also referred to the Hudson County Prosecutor and Superior Court of New Jersey, Hudson County, Criminal Division ("Criminal Court").  (D.E. 63-13 ¶¶ 25-26.)

On November 30, 2016, while his state court proceedings were pending, Plaintiff filed suit in this Court against Christopher Porrino ("Porrino"), the Attorney General for the State of New Jersey, and the City of Bayonne ("Bayonne") (collectively, "Defendants").  (D.E. 1.)  Plaintiff's suit: 1) seeks declaratory and injunctive relief that New Jersey's harassment statute, N.J.S.A. 2C:33-4[4], its ban on weapons possession by individuals subject to a restraining order pursuant to New Jersey's Prevention of Domestic Violence Act ("NJPDVA"), N.J.S.A. 2C:25-28(j)[5], its court rules regarding service of a summons by mail, N.J. Mun. Ct. R. 7:2-4, and its "policy of treating males and females" differently when they seek domestic violence restraining orders are

---

[4] Although Plaintiff was charged with both harassment and stalking, he challenges only New Jersey's harassment statute.

[5] The statute provides, in relevant part, that when a victim files a report of domestic violence, the Family Court may grant emergency relief including "forbidding the defendant from returning to the scene of the domestic violence, forbidding the defendant from possessing any firearm or other weapon enumerated in subsection r. of N.J.S.2C:39-1, ordering the search for and seizure of any firearm or other weapon at any location where the judge has reasonable cause to believe the weapon is located and the seizure of any firearms purchaser identification card or permit to purchase a handgun issued to the defendant and any other appropriate relief."  N.J. Stat. Ann. § 2C:25-28(j).

unconstitutional (Counts I, II, III, V); and 2) asserts a claim for malicious prosecution against Bayonne (Count IV). (D.E. 22.)[6]

On December 23, 2016, the Family Court dismissed the TRO and Complaint after finding that Myronova's allegations of domestic violence had "not been substantiated." (*See* D.E. 64-14.) On March 16, 2017, however, a grand jury for the Criminal Court indicted Plaintiff on a charge of stalking in the fourth degree in violation of N.J.S.A. 2C:12-10b (the "Indictment"), and Plaintiff was ordered to appear for an arraignment on March 27, 2017. (D.E. 65-4 Ex. D, E.) Plaintiff did not appear[7] and a bench warrant was issued for his arrest. (D.E. 64-17.) Plaintiff was arrested pursuant to that warrant on April 13, 2017, and released on his own recognizance on April 28, 2017. (D.E. 65-2 ¶¶ 19-22; 67-5.) On October 3, 2017, the Indictment was dismissed. (D.E. 65-4 Ex. F.) Since 2017, Malhan has neither been charged with harassment nor been subject to a restraining order. (D.E. 65-2 ¶ 24.)

In August 2019, after the closure of discovery, the parties filed their motions for summary judgment in this matter. (*See* D.E. 63, 64, 65.) All briefs were timely filed. (*See* D.E. 67, 69, 72, 73, 76, 77, 78, 79.) On January 2, 2020, this matter was reassigned from Judge Kevin McNulty to Judge Susan D. Wigenton. (D.E. 80.)

## II. LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The "mere existence of some alleged factual dispute between the parties will not defeat an

---

[6] Plaintiff has amended his Complaint twice since he filed suit. (D.E. 19, 22.) The operative pleading is the Second Amended Complaint ("SAC") filed on June 28, 2017. (D.E. 22.)

[7] Plaintiff alleges that he was not properly served, and had no notice of the order. (D.E. 67-1 ¶ 18.)

4

otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986) (emphasis in original). A fact is only "material" for purposes of a summary judgment motion if a dispute over that fact "might affect the outcome of the suit under the governing law." *Id.* at 248. A dispute about a material fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The dispute is not genuine if it merely involves "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

The moving party must show that if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the nonmoving party to carry its burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). Once the moving party meets its initial burden, the burden then shifts to the nonmovant who must set forth specific facts showing a genuine issue for trial and may not rest upon the mere allegations, speculations, unsupported assertions or denials of its pleadings. *Shields v. Zuccarini*, 254 F.3d 476, 481 (3d Cir. 2001). "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'" *Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004) (quoting *Anderson*, 477 U.S. at 255).

The nonmoving party "must present more than just 'bare assertions, conclusory allegations or suspicions' to show the existence of a genuine issue." *Podobnik v. U.S. Postal Serv.*, 409 F.3d 584, 594 (3d Cir. 2005) (quoting *Celotex Corp.*, 477 U.S. at 325). Further, the nonmoving party is required to "point to concrete evidence in the record which supports each essential element of its case." *Black Car Assistance Corp. v. New Jersey*, 351 F. Supp. 2d 284, 286 (D.N.J. 2004). If

5

the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which . . . [it has] the burden of proof," then the moving party is entitled to judgment as a matter of law. *Celotex Corp.*, 477 U.S. at 322–23. Furthermore, in deciding the merits of a party's motion for summary judgment, the court's role is not to evaluate the evidence and decide the truth of the matter, but to determine whether there is a genuine issue for trial. *Anderson*, 477 U.S. at 249. The nonmoving party cannot defeat summary judgment simply by asserting that certain evidence submitted by the moving party is not credible. *S.E.C. v. Antar*, 44 F. App'x 548, 554 (3d Cir. 2002).

### III. DISCUSSION

A. Requests for Injunctive & Declaratory Relief (Counts I, II, III)[8]

Article III of the United States Constitution limits federal judicial power to the adjudication of "cases" or "controversies." U.S. CONST. art. III, § 2. This requirement "protects the system of separation of powers and respect for the coequal branches by restricting the province of the judiciary to 'decid[ing] on the rights of individuals.'" *Katz v. Six Flags Great Adventure, LLC*, Civ. No. 18116, 2018 WL 3831337, at *4 (D.N.J. Aug. 13, 2018) (citing *Marbury v. Madison*, 1 Cranch 137, 5 U.S. 137, 2 L.Ed. 60 (1803)); *see also Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 471 (1982). As such, Article III "requires a litigant to have 'standing' to invoke the power of a federal court." *Allen v. Wright*, 468 U.S. 737,

---

[8] Plaintiff's additional claim that New Jersey's policy regarding the issuance of domestic violence restraining orders violates the Equal Protection clause of the Fourteenth Amendment is brought only against John Does 1-10. (D.E. 22 ¶¶ 203-220.) Although fictitious pleading is permitted to give diligent plaintiffs the opportunity to bring timely suit for alleged harms where the name or identity of a defendant initially may not be known, if the plaintiff does not identify a fictitious defendant "after discovery is complete . . . 'the court may dismiss the fictitious defendant.'" *Olmo v. Atl. City Parasail, LLC*, Civ. No. 13-4923, 2016 WL 1704365, at *1 n.1 (D.N.J. Apr. 28, 2016) (citing *Martin v. Comunale*, Civ. No. 03-06793, 2006 WL 208645, at *13 (E.D. Pa. Jan. 18, 2006)). This matter has been pending for nearly four years, discovery is complete, and Plaintiff has failed to name the fictitious defendants despite having amended his complaint twice. Therefore, Count Five will be dismissed. See *Yahaya v. Maxim Health Care Servs. Inc.*, Civ. No. 10-5557, 2012 WL 6203785, at *15 (D.N.J. Dec. 12, 2012) (dismissing a count where a fictitious defendant was not named).

6

750 (1984); *see also Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (noting that "[s]tanding to sue is a doctrine rooted in the traditional understanding of a case or controversy"). "Absent Article III standing, a federal court does not have subject matter jurisdiction to address a plaintiff's claims . . . ." *Taliaferro v. Darby Twp. Zoning Bd.*, 458 F.3d 181, 188 (3d Cir. 2006).

In order to establish Article III standing, a plaintiff "must demonstrate '(1) an injury-in-fact, (2) a sufficient causal connection between the injury and the conduct complained of, and (3) a likelihood that the injury will be redressed by a favorable decision.'" *Finkelman v. Nat'l Football League*, 810 F.3d 187, 193 (3d Cir. 2016) (internal citation omitted); *see also Patel v. Crist*, No. CV 19-8946, 2020 WL 64571, at *2 (D.N.J. Jan. 7, 2020). An injury-in-fact must be "particularized" such that it "affect[s] the plaintiff in a personal and individual way." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 n.1 (1992). In addition, a party seeking prospective injunctive relief must show that they are "'immediately in danger of sustaining some direct injury' as the result of the challenged official conduct and the . . . threat of injury must be both 'real and immediate,' not 'conjectural' or 'hypothetical.'" *Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983) (internal citations omitted) (holding that although plaintiff, the victim of an alleged police chokehold, had standing to pursue a damages claim against the city, he did not have standing to pursue a claim for prospective equitable relief because he had failed to show he was "likely to suffer future injury from the use of the chokeholds by police officers"); *see also Clapper v. Amnesty Intern. USA*, 568 U.S. 398, 407 (2013) (stating that "highly speculative fear" is insufficient to support a finding of standing).

"Although most cases that involve a question of standing consider whether a plaintiff satisfies the standing requirement at the time of filing suit, Article III demands that an actual controversy persist throughout all stages of litigation." *Residences at Bay Point Condominium*

*Ass'n v. Standard Fire Ins. Co.*, 641 F. App'x 181, 183 (3d Cir. 2016); *see also Mullings v. Ry Mgmt. Co.*, Civ. No. 16-5492, 2019 WL 7047221, at *1 (D.N.J. Dec. 20, 2019) (noting that "[s]tanding must exist at the time a suit is first filed, and must persist throughout the life of the suit"). As such, federal courts "have an independent obligation to address issues of subject matter jurisdiction sua sponte and may do so at any stage of the litigation." *Okpor v. Dabo*, 2019 WL 1714456, at * 1 (D.N.J. Apr. 17, 2019) (citing *Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 418 (3d Cir. 2010) and *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015)); *see also Mullings*, 2019 WL 7047221, at *2. Here, although Plaintiff may have had standing when he filed suit in 2016, the conditions that initially gave rise to his constitutional claims no longer exist.

Plaintiff's constitutional claims arise out of charges brought against him, the service of summons/complaints, and the imposition of temporary restraints prohibiting him from possessing weapons. Plaintiff, however, has not been subject to charges of harassment since 2017, has not been subject to a TRO since December 2016, and any alleged infirmities of service have long been resolved. As such, Plaintiff is not currently in "immediate danger of sustaining some direct injury." *Lyons*, 461 U.S. at 102. Nor does Plaintiff provide any support for a finding that he would be criminally charged or restrained in the future.[9] Rather, Plaintiff is merely pursuing a generalized grievance with regard to the statutes at issue, which is insufficient to create standing for his claims.

---

[9] When asked if he believed he would be charged with harassment in the future, Plaintiff testified only that "anything is possible," and elaborated that he was "in more danger than that. I believe that someday somebody will hire an assassin for me or my children." (D.E. 65-3 Ex. A Tr. 93:19-94:13.) Whatever his vague worries about future events might be, to prove standing, Plaintiff is required to provide evidence of imminent harm. In light of his generalized concerns, the nearly three year period during which Plaintiff has not been charged with harassment or subject to court ordered restraints, the Family Court's finding that none of his prior communications with Myronova constituted harassment, and the dismissal of the stalking charge by the Hudson County Prosecutor, it is clear that Plaintiff has no standing to seek injunctive or declaratory relief on his constitutional claims.

*See, e.g.*, *Schuchardt v. President of the U.S.*, 839 F.3d 336, 344-45 (3d Cir. 2016.) Therefore, Counts I, II, and III will be dismissed for lack of subject matter jurisdiction.[10]

> B. Malicious Prosecution v. Bayonne (Count IV)

42 U.S.C. §1983 provides in relevant part:

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

Section 1983 does not itself, create any rights, it merely provides "private citizens with a means to redress violations of federal law committed by state [actors]." *Woodyard v. Cty. of Essex*, 514 F. App'x 177, 180 (3d Cir. 2013); *see also Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979).

> To prove malicious prosecution under § 1983, a plaintiff must show that:
>
> (1) the defendants initiated a criminal proceeding;
> (2) the criminal proceeding ended in plaintiff's favor;
> (3) the proceeding was initiated without probable cause;
> (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and
> (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding.

*Kossler v. Crisanti*, 564 F.3d 181, 186 (3d Cir 2009) (quoting *Estate of Smith v. Marasco*, 318 F.3d 497, 521 (3d Cir. 2003)); *see also Homsi v. Borough of Seaside Park*, Civ. No. 16-2937, 2018 WL 6584890, at *5 (D.N.J. Dec. 14, 2018). The parties do not dispute that Plaintiff was subject to charges, but Plaintiff's claim against Bayonne must fail because both the 2015 and 2016 charges against Plaintiff were supported by probable cause.

---

[10] This Court notes that dismissal would also be appropriate because neither Porrino nor Bayonne are proper parties. Both are part of the executive branch of state government with no power to codify, amend, or abolish the laws Plaintiff challenges, because that power is vested solely in the state legislature. *See, e.g.*, *Auto-Rite Supply Co. v. Mayor & Township Committeemen of Woodbridge*, 135 A.2d 515 (N.J. 1957); *Kagan v. Caroselli*, 30 N.J. 371, 377 (1959); N.J. Stat. Ann. §§ 52:17B-1, 52:17B-2.

9

Probable cause is defined as "'reasonable grounds for suspicion supported by circumstances sufficiently strong in themselves to warrant an ordinarily cautious [person] in the belief that the accused is guilty of the offense with which he is charged.'" *Land v. Helmer*, 843 F. Supp. 2d 547, 550 (D.N.J. 2012) (quoting *Lind v. Schmid,* 337 A.2d 365, 368 (N.J. 1975)). "In a suit for malicious prosecution, courts conduct an objective inquiry as to whether probable cause can be inferred from the facts known to the defendant at the time criminal charges were initiated." *Id.* (internal citation omitted). In 2015, Rothstein filed an incident report with the Bayonne Police Department, reported that Plaintiff had harassed him by email, phone calls, and false allegations of sexual abuse, and voluntarily signed a certification in support of probable cause with the municipal court clerk, who then issued the Complaint/Summons pursuant to N.J.S.A 2B:12-21; R.3:2-2. (*See* D.E. 63-1 Ex. C at BAYONNE0005-00013; Ex. B at Tr. 62:12-22, 64:19-65:2, 66:11-68:15, 70:1-71:8.) In 2016, Myronova filed a report of harassment and stalking with the Bayonne Police Department, gave a statement to an officer on duty, provided him with examples of Plaintiff's allegedly harassing calls, texts and emails, and spoke with the sitting municipal court judge, who then found probable cause to issue a Complaint/Warrant. (*See* D.E. 63-1 Ex. E BAYONNE 0019-0028; Ex. J at Tr. 12:16-15:22, 16:15-26:11, 27:11-29:11, 78:16-19.) The information provided by Rothstein and Myronova, although ultimately found to be insufficient to maintain their claims, was objectively sufficient at the time they lodged their incident reports to permit an ordinarily cautious person to believe that Plaintiff had engaged in harassing behavior. Therefore, the existence of probable cause for both the 2015 and 2016

complaints precludes a finding of malicious prosecution against Bayonne and the city's motion for summary judgment as to Count IV will be granted.[11]

## IV. CONCLUSION

For the reasons set forth above Plaintiff's motion for summary judgment will be **DENIED**. Defendant City of Bayonne's motion for summary judgment will be **GRANTED.** Counts I, II, and III of the Second Amended Complaint will be **DISMISSED** for lack of subject matter jurisdiction and Defendant Christopher S. Porrino's motion for summary judgment will be **DISMISSED AS MOOT**. Count V will be **DISMISSED,** and this matter shall be closed. An appropriate order follows.

                                            ___/s/ Susan D. Wigenton_____
                                            **SUSAN D. WIGENTON, U.S.D.J.**

Orig: Clerk
cc: Leda D. Wettre, U.S.M.J.
       Parties

---

[11] To the extent that Plaintiff now seeks to raise a *Monell* claim against Bayonne for liability for the actions of individual policy makers, any such claim is barred. (*See* D.E. 69 at 33 -39.) Plaintiff did not raise this claim in any of the three complaints filed and may not raise it for the first time in his opposition papers at summary judgment.